UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jo-Ann Scott Cooley</u>

     v.

<u>Andrew Saul,[1] Commissioner,</u>
<u>Social Security Administration</u>

Case No. 19-cv-679-PB
Opinion No. 2020 DNH 157

## MEMORANDUM AND ORDER

Jo-Ann Scott Cooley challenges the denial of her claim for Disability Insurance Benefits ("DIB") pursuant to 42 U.S.C. § 405(g) ("Section 405(g)"). She contends that the Administrative Law Judge ("ALJ") erred by failing to properly conduct the full residual functional capacity ("RFC") analysis at step four of the five-step evaluation required by 20 C.F.R. § 404.1520(a)(4)(iv). The Commissioner, in turn, moves for an order affirming the ALJ's decision (Doc. No. 13). For the following reasons, I grant Cooley's motion (Doc. No. 11) and remand this matter to the Commissioner for further proceedings consistent with this order.

---

[1] On June 17, 2019, Andrew Saul was sworn in as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), he automatically replaces the nominal defendant, the Acting Commissioner of the Social Security Administration.

# I.   BACKGROUND[2]

## A.   Procedural Facts

Cooley is a fifty-five-year-old woman who previously worked as a U.S. Navy seaman, Tr. at 207, and in private company doing "material handling, shipping/receiving, and production work," Mem. of Law in Supp. of Mot. to Reverse, Doc. No. 11-1 at 2 (citing Tr. at 41–48). She filed her claim for DIB on November 20, 2017, alleging a disability onset date of June 15, 2016, Tr. at 16, based on injuries she sustained that day in a motor vehicle accident, Tr. at 18, 302. After an initial denial on April 26, 2018, she requested a hearing in front of an ALJ. Tr. at 16. This hearing took place in front of ALJ Edward Malvey on November 7, 2018. Tr. at 16, 27. The ALJ issued an unfavorable decision on December 3, 2018, Tr. at 26–27, which Cooley appealed to the Appeals Council, Tr. at 1–6. The Appeals Council denied her request. Tr. at 1. The ALJ's decision, therefore, is the Commissioner's final decision. Tr. at 1.

---

[2] The parties have submitted statements of material facts as required by Local Rule 9.1(b), and I draw on the entire administrative record ("Tr.") to construct a brief factual history of Cooley's case.

2

**B.   <u>Medical Evidence</u>[3]**

Cooley's disability claim is based principally on injuries she sustained in a motor vehicle accident on June 15, 2016, her alleged disability onset date. See Tr. at 18, 302. Upon examining Cooley the day of the accident, Dr. Jack Huse found that she was suffering from a scalp hematoma and laceration, multiple contusions and abrasions, and a fractured right ankle. Tr. at 302-03.

Prior to the accident, Cooley had been diagnosed with "insulin-dependent diabetes," "mild hypertension[,] and migraine headaches," as well as "allergic asthma." Tr. at 302. She also had had several surgeries. Tr. at 302. I provide a brief accounting of her accident-related injuries and her conditions that predate the accident.

1.   <u>Accident-Related Injuries</u>

Cooley suffered a fractured ankle in the June 2016 accident that required extended treatment, including surgery. See Tr. at 22; accord Tr. at 412, 487. After surgery, Cooley experienced loss of strength, altered gait, low tolerance for activities of daily living, limited range of motion, no tolerance for working, and no ability to drive. Tr. at 414. In response, Cooley started

---

[3] I decline to recite a full history of Cooley's medical treatment, opting instead to focus on the treatment records necessary to provide context for my analysis.

3

a course of physical therapy with Karen Poplaski, MPT. Tr. at 413. By January 2017, the range of motion and strength in her ankle had regained normal function. Tr. at 22. Given these improvements, Tr. at 126, Cooley did not receive further treatment after April 13, 2017, Tr. at 22.

In the months following the accident, Cooley also developed back pain. See Tr. at 22, 550. She engaged in physical therapy for her back and made progress strengthening it, though her pain persisted. See Tr. at 22. To alleviate her pain, Cooley received multiple epidural steroid injections. Tr. at 172, 703.

Cooley also sought medical care in the fall of 2016 for concussive symptoms resulting from the accident. Tr. at 18; see also Tr. at 19, 55–56, 163, 493–94, 496. In November 2016, she showed signs of post-concussive vestibular dysfunction. Tr. at 18; accord Tr. at 496. She did not, however, "continue with any treatment" for her post-concussive symptoms. Tr. at 19. Cooley's migraines have persisted, though, and she testified before the ALJ that she has headaches every day and migraines at least twice a month. Tr. at 55–56.

2.   Medical Conditions at the Time of the Accident

Prior to the accident, Cooley was suffering from diabetes, multiple mental impairments, and headaches. See Tr. at 39, 260. She was diagnosed with type 2 diabetes mellitus in 2015. Tr. at 260. In February 2016, she began exhibiting neuropathy as her

4

diabetes worsened. Tr. at 162. By August 2018, she had been diagnosed with "very mild sensory peripheral neuropathy." Tr. at 699.

Cooley also has a history of depression, anxiety, and post-traumatic stress disorder ("PTSD"). In 1986, while she was serving in the U.S. Navy, she witnessed a fellow servicemember shoot himself. Tr. at 51. She has identified this experience as the onset of her depression. Tr. at 51. At the time of the accident, she was "receiving treatment for depression . . . [and] anxiety." Tr. at 39. The accident and her subsequent injuries exacerbated these conditions. Tr. at 39; accord Tr. at 51-52, 579. Cooley has taken Prozac daily for her depression since before the accident. See Tr. at 312-13.

Cooley's depression and PTSD were noted by multiple examiners. State-appointed examiner Dr. Phillip Robbins conducted a "comprehensive psych profile." Tr. at 742. He noted diagnoses for PTSD and "Major Depression, moderate." Tr. at 745. Dr. Robbins noted that Cooley's prognosis is good with appropriate treatment, but without counseling treatment for her PTSD, "the prognosis would be guarded." Tr. at 745. Donna Moore, LICSW, another state-appointed examiner, found that Cooley also had two non-severe medically determinable impairments: "trauma- and stressor- related disorders" and "depressive, bipolar and related disorders". Tr. at 126. Moore found these non-severe

5

medical impairments to have a mild impact on Cooley's ability to "understand, remember, or apply information"; "interact with others"; "concentrate, persist or maintain pace"; and "adapt or manage" herself. Tr. at 127.

Additionally, Cooley has a history of mild hypertension and migraine headaches, Tr. at 39; accord Tr. at 302, and she has been previously diagnosed as "overweight or obese," Tr. at 271.

## C. The ALJ's Decision

The ALJ assessed Cooley's claims under the five-step analysis required by 20 C.F.R. § 404.1520(a)(4). At step one, he found that Cooley had not engaged in substantial gainful activity since June 15, 2016, her alleged disability onset date. Tr. at 18.

At step two, he found that Cooley had the following severe impairments: "degenerative disc disease of the lumbar spine, ankle fracture with subsequent open reduction internal fixation, diabetes mellitus with peripheral neuropathy, obesity, and migraine headaches." Tr. at 18. He determined, however, that Cooley "did not carry her burden in establishing [post-concussive syndrome] as a medically determinable impairment." Tr. at 18. The ALJ also found that Cooley had "medically determinable impairments of depression and [PTSD]" but that,

6

"considered singly and in combination," these mental impairments were non-severe. Tr. at 19.

At step three, the ALJ considered whether Cooley's impairments were severe enough to meet or medically equal the criteria of any impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. at 20. Specifically, the ALJ considered listings 1.03 and 1.04 and found that "the specified criteria were not met." Tr. at 20.

Next, at step four, the ALJ assessed Cooley's RFC. He determined that Cooley had the RFC

> to perform light work as defined in 20 CFR [§] 404.1567(b)[,] except she can never climb ladders, ropes, or scaffolds. She can frequently climb ramps and stairs. She can occasionally balance. She can frequently stoop, kneel, crouch, and crawl. She is limited to occasional exposure to vibration and hazards, defined as heights and machinery.

Tr. at 20–21. Based upon this RFC, the ALJ concluded at step four that Cooley could not perform her past work "as a laminating machine operator, a materials handler, and a shipping/receiving clerk." Tr. at 25.

Moving on to step five, the ALJ found Cooley "not disabled" because she could "mak[e] a successful adjustment to other work that exists in significant numbers in the national economy." Tr. at 26.

## II. **STANDARD OF REVIEW**

I am authorized to review the pleadings submitted by the parties and the administrative record and enter a judgment affirming, modifying, or reversing the Commissioner's final decision. See § 405(g). That review "is limited to determining whether the ALJ used the proper legal standards and found facts [based] upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). I "defer to the Commissioner's findings of fact, so long as they are supported by substantial evidence." Id. (citing Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, ___ U.S. ___, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). It means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).

If the Commissioner's factual findings are supported by substantial evidence, they are conclusive, even where the record "arguably could support a different conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 770 (1st Cir. 1991) (per curiam). The Commissioner's findings "are not conclusive when derived by ignoring evidence, misapplying the

law, or judging matters entrusted to experts." Nguyen, 172 F.3d at 35. "'Issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Commissioner,' and 'the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [him], not for the doctors or for the courts.'" Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018) (brackets omitted) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). I apply these standards to the arguments Cooley raises in her appeal.

### III. ANALYSIS

Cooley argues that a remand is required because the ALJ failed to properly consider Cooley's non-severe impairments, in combination with her severe impairments, when determining her RFC at step four. Doc. No. 11-1 at 13-23.[4]

An ALJ must "consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe,' . . . when [the ALJ] assess[es] [the claimant's]

---

[4] Cooley also argues that the ALJ improperly failed to explain how he considered the medical evidence supporting her claim as is required by Section 404.1520c. Doc. No. 11-1 at 5-13. Because the ALJ committed reversible error at step four by failing to consider Cooley's non-severe mental impairments, I need not address Cooley's alternative argument.

9

[RFC]." § 404.1545(a)(2). It is "simply a matter of common sense that various physical, mental, and psychological defects, each non-severe in and of itself, might in combination, in some cases, make it impossible for a claimant to work." McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1127 (1st Cir. 1986).

Thus, in assessing a claimant's ability to work, "[i]t is reversible error for an ALJ not to consider a claimant's non-severe impairments in conjunction with her severe impairments . . . when formulating her RFC." Smith v. Saul, 2019 DNH 193, 2019 WL 5957294, at *3 (D.N.H. Nov. 13, 2019); see also Morse v. Colvin, 2015 DNH 055, 2015 WL 1243169, at *9 (D.N.H. Mar. 17, 2015) (requiring the ALJ to address non-severe impairments when assessing RFC); Forni v. Barnhart, 2006 DNH 120, 2006 WL 2956293, at *8 (D.N.H. Oct. 17, 2006) (reversing the Commissioner's denial of benefits and remanding because, after the ALJ identified the claimant's depression as a non-severe mental impairment at step two, the ALJ "completely (and improperly) dropped [claimant's] depression from his analysis, thereafter analyzing only the effects of asthma and carpal tunnel on [claimant's] RFC").

At step two, the ALJ identified Cooley's depression and PTSD as medically determinable, non-severe mental impairments. Tr. at 19. He correctly noted then that

10

> [t]he limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment . . . . The mental residual functional capacity assessment used at step 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p).

Tr. at 20. The ALJ did not, however, conduct the forecasted analysis at step four.[5] He makes no mention of Cooley's depression or PTSD at this step except for overly broad, boilerplate language at the start of his RFC analysis. See Tr. at 21 ("I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ."). An ALJ does not "meet his . . . responsibility under 20 C.F.R. [Sections] 404.1523 [and] 416.923 by doing nothing more than reciting boilerplate assertions that he . . . considered a claimant's impairments in combination without describing any actual analysis . . . . [A]dequate explanation consists of analysis, not just conclusory findings." Morse, 2015 WL 1243169, at *8–9.

---

[5] Additionally, though Cooley did not contest the omission of obesity at step four, I note here, for the sake of efficiency, that it was also improperly omitted in the RFC analysis. The ALJ found obesity to be a severe medically determinable impairment at step two but did not mention this impairment in the step four RFC analysis. Tr. at 18.

11

The Commissioner's admissions reveal the ALJ's error of law. In his answer to Cooley's appeal, the Commissioner admits that "the ALJ found [p]laintiff's mental impairments were non-severe at step two of the sequential" analysis, and that "the ALJ did not include mental limitations in the functional capacity finding." Answer, Doc. No. 6 at 3 ¶¶ 17, 18. Nevertheless, the Commissioner argues that the ALJ's decision should not be reversed because "[t]he findings of fact of the Commissioner . . . are supported by substantial evidence and are conclusive." Doc. No. 6 at 5. Although it is true that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive," § 405(g), the Commissioner's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen, 172 F.3d at 35.

The ALJ committed reversible error by failing to discuss Cooley's depression and PTSD in combination with her other medically determinable impairments at step four. See § 404.1545(a)(2). Accordingly, I reverse his decision and remand the case for consideration of whether — in light of Cooley's combined medically determinable, severe and non-severe mental and physical impairments — her RFC would allow her to perform jobs that exist in significant numbers in the economy.

## IV. CONCLUSION

For the foregoing reasons, I grant Cooley's motion to reverse (Doc. No. 11) and deny the Commissioner's motion to affirm (Doc. No. 13). Pursuant to sentence four of 42 U.S.C. § 405(g), I remand the case to the Social Security Administration for further proceedings consistent with this Memorandum and Order.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

September 9, 2020

cc: Janine Gawryl, Esq.
Candace H. Lawrence, Esq.
Sarah E. Choi, Esq.